

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 12, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
L. B. J. State Office Building
Austin, Texas

Opinion No. H- 470

Re: Exemption of certain
aircraft from taxation under
Article 20.04(Q), Taxation-
General.

Dear Mr. Calvert:

You have submitted three questions to us concerning the inter-
pretation of the Limited Sales, Excise and Use Tax of Chapter 20,
Taxation-General, V. T. C. S., to certain types of aircraft.

Article 20.02, Tax. -Gen., imposes a sales tax on the receipts
from the sale, at retail, of all taxable items and Article 20.03,
Tax. -Gen. imposes an excise tax on the storage, use or other consump-
tion of taxable items purchased, leased or rented from any retailer
for storage, use or other consumption in this State. "Taxable items"
are defined in Article 20.01 (W), as tangible personal property. Article
20.04 deals with exemptions. Paragraph (Q) provides:

> Certain Aircraft. There are exempted from
> the taxes imposed by this Chapter the receipts
> from the sale, use, storage, lease or other
> consumption of aircraft sold to persons using
> such aircraft as certificated or licensed car-
> riers of persons or property, or sold to any
> foreign government of sold to persons who are
> not residents of this State and repair services
> to aircraft operated by a certificated or licensed
> carrier of persons or property.

Your first question is:  "Is the sale of an aircraft to a person holding an air-taxi certificate exempt within the terms of Article 20.04(Q) above?"

The operation of air taxis (defined in 14 C. F. R.  § § 298.2 and 298.3) is governed by Part 135 of Title 14,  C. F. R.  and Section 135.9 calls for an operating certificate.  By definition, the holders of such certificate are "certificated or licensed carriers of persons or property" and are exempt from the taxes in question.  See  49 U. S. C. A.  § 1424.

Your second question asks:  "Does either an air worthiness certificate, a certificate of registration, or pilots license qualify a person to purchase an aircraft tax exempt under Article 20.04(Q) above?"  We think not.  The certificate to which reference is made in 20.04(Q) is a certificate authorizing a particular use of the aircraft. The two certificates and the license to which you refer in the question, on the other hand, have reference to the safety or identification of the aircraft and its pilot.  The air-worthiness certificate [49 U. S. C. A. § 1423(c)] is based on a finding that the aircraft conforms to the type certificate issued for that plane and on a finding that the aircraft is in condition for safe operation.

A registration certificate [49 U. S. C. A.  § 1403], is evidence of ownership.  The pilots license is governed by 49 U. S. C. A. § 1422 and is issued only if it is found that the pilot is, in fact, competent and physically able to serve as an airman.  See  14 C. F. R.  § 61.1 et seq.

In our opinion Article 20.04(Q) was designed, inter alia, to exempt from taxation receipts from certain uses of the aircraft.  Certificates about which you inquired refer to the character of the vehicle and its pilot and are irrelevant to a determination of exemption under Article 20.04(Q).

Your third question asks whether the purchaser of the aircraft loses the exemption when the aircraft is used at a flight training school for training purposes.

The exemption granted in Article 20.04(Q) does not speak to multiple use. However, it is generally held that the primary, as distinguished from the incidental use of the property determines whether it is exempt from taxation. General Data Corp. v. Porterfield, 257 N. E. 2d 359 (Ohio 1970); Mead Corp. v. Glander, 93 N. E. 2d 19 (Ohio 1950); Heller v. Fergus Ford, Inc., 305 N. E. 2d 352 (Ill. App. 4th Div. 1973); cf. Hilltop Village, Inc, v, Kerrville Independent School District, 426 S. W. 2d 943 (Tex. 1968).

Therefore, the tax exempt status of an aircraft used as a certificated or licensed carrier of persons or property and also used for flight instruction will depend on the facts of each case. If the non-exempt use is merely incidental, it will not destroy the exemption.

### SUMMARY

An air-taxi operator, certified as such by the Federal Civil Aeronautics Board, is a certificated carrier of persons or property and thus exempt from taxation under Article 20.04(Q), Taxation-General. The exemption will not be destroyed by an incidental non-exempt use. Possession of an air-worthiness certificate, a certificate of registration or a pilot's license, without more, is insufficient to establish an exemption.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg